**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEZALEL GROSSBERGER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>Defendants. | Civil Action No. 21-12102 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Plaintiff Bezalel Grossberger's ("Plaintiff") renewed *in forma pauperis* application. (ECF No. 6.)[1] The Court has reviewed Plaintiff's renewed IFP application and finds that leave to proceed without prepayment of fees is authorized, and Plaintiff's application is therefore granted.

The Court is next required to screen Plaintiff's Complaint under 28 U.S.C. § 1915(e) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). "Dismissal is appropriate where, accepting all well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth 'fair notice of what the . . . claim is and the grounds upon which it rests." *Simon v. Mercer Cnty. Cmty. Coll.*, No. 10-5505,

---

[1] The Court denied Plaintiff's original IFP application (ECF No. 1-2) and second IFP application (ECF No. 4) based upon deficiencies in the applications (ECF Nos. 3, 5).

2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Here, the Court finds that the Complaint must be dismissed for failure to comply with the requisite pleading standards. Plaintiff's Statement of Claim provides, in its entirety, that "Defendant Fein Suchs Kahn Shepard is in vioaltion [sic] of the FDCPA and the State of NJ denies [P]laintiff his constitutional rights to seek recourse through the State Court[.]" (Compl. 4, ECF No. 1-1.) This single sentence fails to describe actionable conduct on the part of Defendants. Without factual allegations that demonstrate the grounds for Plaintiff's requested relief, Plaintiff has failed to satisfy the pleading requirements of Rule 8.[2] In addition, Plaintiff's Statement of Claim fails to comply with the instructions, which provide:

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(Compl. 4.) In light of Plaintiff's *pro se* status, however, and because a more detailed statement may potentially reveal legitimate grounds for relief, the Court will dismiss Plaintiff's complaint without prejudice and with leave to file an amended complaint. Any amended complaint should

---

[2] Plaintiff's papers also included correspondence that partially resembled a legal brief and partially resembled a complaint. (*See generally* ECF No. 1.) The correspondence, however, was not signed and did not contain the appropriate Rule 11 certification. (*See id.*) To the extent that Plaintiff wishes to add additional pages to his signed complaint, he should clearly incorporate those pages by reference.

clearly allege facts with respect to each individual defendant. If the amended complaint contains more than one claim, it must contain a short and plain statement of each claim in separate paragraphs.

Based on the foregoing, and for other good cause shown,

**IT IS,** on this 9th day of November, 2022, **ORDERED** that:

1. Plaintiff's renewed *in forma pauperis* application (ECF No. 6) is **GRANTED**;

2. Plaintiff's complaint (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE** in its entirety;

3. Plaintiff is granted leave to file an amended complaint within thirty (30) days; and

4. The Clerk of the Court shall serve a copy of this Memorandum Order upon Plaintiff by regular mail and shall **CLOSE** the file.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**