UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEZALEL GROSSBERGER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY DIVISION OF LAW *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 21-12102 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the Court's *sua sponte* screening of pro se Plaintiff Bezalel Grossberger's ("Plaintiff") Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Am. Compl., ECF No. 11.) The Court dismissed Plaintiff's original Complaint (Compl., ECF No. 1) for failure to comply with the requisite pleading standards. (Mem. Order 2-3, ECF No. 9.) Plaintiff's Amended Complaint was filed within the required timeframe, so the Court now screens it and *sua sponte* dismisses any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) "is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1] *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). The Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Simon v. Mercer Cnty. Cmty. Coll.*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must be dismissed if the Court finds

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Id.*

Here, Plaintiff's Amended Complaint fails for the same reasons as his original Complaint. Specifically, the Statement of Claim in Plaintiff's original Complaint only provided one sentence that failed to describe actionable conduct on the part of Defendants: "Defendant Fein Suchs Kahn Shepard is in vioaltion [sic] of the [Fair Debt Collection Practices Act] and the State of NJ denies [P]laintiff his constitutional rights to seek recourse through the State Court." (Compl. *4.)[2] Plaintiff's Amended Complaint merely "incorporates the entire original [C]omplaint herein, pertaining to the party, Fein, Suchs, Kahn, & Sheppard P.C." (*See* Am. Compl. 1.) This claim, as the Court previously determined, does not comply with the requisite pleading standards. The claim set forth in Count I is, therefore, dismissed.

Plaintiff's Amended Complaint also includes a second count alleging the Defendant State of New Jersey Division of Law (the "State") has "adopted and enforced a policy, to ensure that, [P]laintiff may never access the State Court in any matter." (Am. Compl. 1.) The Amended Complaint includes numerous exhibits, including state court orders and fee waiver applications, seemingly to demonstrate the "long tortious history" of denying Plaintiff access to state court. (*Id.* at 2.)

As an initial matter, Plaintiff does not name any specific policy or practice that the State has adopted or enforced that interferes with his access to the state courts. (*See generally* Am. Compl.) More importantly, however, the State is immune from suit. The Eleventh Amendment has been "interpreted to render states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court." *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Eleventh

---

[2] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

2

Amendment immunity is "subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Id.* None of these exceptions apply here. There has been neither congressional abrogation nor waiver by the State. Plaintiff, furthermore, did not name any individual state officers in his Amended Complaint. (*See generally*, Am. Compl.*) Because the State is immune from suit, Plaintiff has failed to state a claim upon which relief can be granted and Count II is dismissed.

    Based on the foregoing, and for other good cause shown:

**IT IS**, on this 23rd day of January 2023, **ORDERED** as follows:

1. Plaintiff's Amended Complaint (ECF No. 11) is **DISMISSED WITHOUT PREJUDICE** in its entirety;

2. Plaintiff is granted leave to file an amended complaint within thirty (30) days; and

3. The Clerk shall close this matter.

                                              /s/ Michael A. Shipp
                                          **MICHAEL A. SHIPP**
                                          **UNITED STATES DISTRICT JUDGE**