UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEZALEL GROSSBERGER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY DIVISION OF LAW *et al.*,<br><br>Defendants. | Civil Action No. 21-12102 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court on pro se Plaintiff Bezalel Grossberger's ("Plaintiff") Motion for Reconsideration. (ECF No. 14.) Defendants State of New Jersey Division of Law (the "State") and Fein, Such, Kahn, and Shepard, P.C. (together with the State, "Defendants") did not file opposition. The Court has carefully considered Plaintiff's submission and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Plaintiff's Motion.

**I.    BACKGROUND**

The Court adopts the relevant background from its January 23, 2023, Memorandum Opinion (the "Memorandum Opinion"), which dismissed Plaintiff's Amended Complaint (ECF No. 11) in its entirety for failing to meet the requisite pleading standards as to Count I and for failing to state a claim upon which relief can be granted as to Count II. (*See* Mem. Op. 2-3, ECF No. 13.) The Court granted leave to amend. (*Id.* at 3.) Plaintiff now moves for reconsideration of the Memorandum Opinion.

## II. LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its decision. L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show at least one of three factors: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Significantly, a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court decided the original decision. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the court to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

## III. DISCUSSION

In the Memorandum Opinion, the Court found that Plaintiff's claims failed for a variety of reasons. (*See generally* Mem. Op.) First, with respect to Count I, the Court determined that Plaintiff

failed to identify actionable conduct on the part of Defendants in the Amended Complaint, the same deficiency that the Court noted from the original Complaint. (Mem. Op. 2.) Second, with respect to Count II, the Court determined that Plaintiff's claims against the State were barred by Eleventh Amendment sovereign immunity. (Mem. Op. 2-3.)

In the Motion for Reconsideration, Plaintiff does not demonstrate any of the required standards for reconsideration: an intervening change in the relevant law, the availability of new evidence not available at the time of the Memorandum Opinion, or a clear error of law or fact. *See Quinteros*, 176 F.3d at 677. For example, as to Count I, Plaintiff asserts that the specific "policy complained of is rejection of filings" and that such "dismissal is not lawful, but rather, a continuation of the policy to deny him access." (Pl.'s Moving Br. 1-2, ECF No. 14.) As the Court has previously determined, however, this claim does not contain the level of specificity required to comply with the pleading standards. (Mem. Op. 2.) Plaintiff fails to assert new dispositive factual matters or controlling decisions of law that support reconsideration on this issue. The Court, accordingly, denies reconsideration on this argument.

As to Count II, Plaintiff similarly asserts that the State has engaged in a policy that unlawfully denies him access to the state courts. (*See* Pl.'s Moving Br. 7.) Moreover, Plaintiff argues that "the State has waived the Sovereign Immunity defense" as the "Eleventh [A]mendment exceptions are all applicable here." (Pl.'s Moving Br. 2.) *First*, Plaintiff has not put forth an argument to persuade the Court that its sovereign immunity ruling, which rested on legal grounds, was a clear error of law or that there has been a change in the controlling law.

*Second*, Plaintiff's reliance on *Rosenblum* is misplaced as this Court has not enjoined Plaintiff from filing a complaint. (*See id.* at 5-7; *see Rosenblum v. Borough of Closter*, 755 A.2d 1184 (N.J. Super. Ct. App. Div. 2000).) To the contrary, the Court carefully reviewed the merits

3

of both the original Complaint and the Amended Complaint and, on both occasions, dismissed them without prejudice and with leave to amend. Regardless, a motion for reconsideration is not an opportunity to raise new arguments that could have been raised prior to the Memorandum Opinion. *See Bowers*, 130 F. Supp. 2d at 612-13. Plaintiff has not met the high burden to merit the "extraordinary remedy" of reconsideration. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. The Court, thus, denies Plaintiff's motion.

**IT IS THEREFORE**, on this __31st__ day of May 2023, **ORDERED** as follows:

1. Plaintiff's Motion for Reconsideration (ECF No. 14) is **DENIED**. Plaintiff has thirty (30) days to file a second amended complaint.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**