**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEZALEL GROSSBERGER,<br><br>                Plaintiff,<br><br>                v.<br><br>STATE OF NEW JERSEY DIVISION OF LAW, *et al.*,<br><br>                Defendants. | Civil Action No. 21-12102 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

    This matter comes before the Court upon its *sua sponte* screening of *pro se* Plaintiff Bezalel Grossberger's ("Plaintiff") Second Amended Complaint pursuant to U.S.C. § 1915(e)(2)(B). For the reasons below, the Court dismisses Plaintiff's Second Amended Complaint.

**I.    BACKGROUND**

    The Court largely adopts the relevant background from its previous opinions. The Court dismissed Plaintiff's original Complaint (Compl. ECF No. 1) for failure to comply with the requisite pleading standards. (Nov. 9, 2022 Mem. Order 2–3, ECF No. 9.) Plaintiff filed an Amended Complaint (the "First Amended Complaint") (Fir. Am. Compl. ECF No. 11), which the Court dismissed in its entirety for failing to meet the requisite pleading standards as to Count I and for failing to state a claim upon which relief could be granted as to Count II. (*See* Jan. 23, 2023 Mem. Order. 2–3, ECF No. 13.) Plaintiff thereafter filed a Motion for Reconsideration (Mot. for Recons., ECF No. 14), which was denied by the Court upon review for failing to demonstrate any

of the required standards for reconsideration. (May 31, 2023 Mem. Order, ECF No. 16.) On June 26, 2023, Plaintiff filed another Amended Complaint (the "Second Amended Complaint"). (Sec. Am. Compl., ECF No. 17.)

## II. LEGAL STANDARD

28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss a complaint if the court determines that the action or appeal is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citation omitted). The Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Simon v. Mercer Cnty. Cmty. Coll.*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nonetheless, the "complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A complaint will be dismissed if the Court finds that the plaintiff has failed to set forth fair notice of what the claim is and on what grounds the claim rests. *Simon*, 2011 WL 551196, at *1; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (finding that at the pleading stage, there should be "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted)).

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## III. DISCUSSION

Plaintiff's Second Amended Complaint lists four Counts: (1) Non-State defendants conspired with the State to deny Plaintiff access to court and due process of law;[2] (2) State defendants are rejecting any and all of Plaintiff's submissions without due process of law; (3) State defendants are depriving Plaintiff from seeking recourse through the state court in violation of his federal and state constitutional rights; and (4) State defendants are conspiring with Non-State defendants in rejecting his filings. (Sec. Am. Compl. 2.) The Court addresses each Count in turn below.

### A. Count 1

Despite repeated explanations the Court provided when dismissing Plaintiff's pleadings as insufficient in its previous orders, Plaintiff continues to pursue this matter without any additional details or specificity to his claims. Under Count 1, Plaintiff alleges that:

> [t]he Non-State defendants have conspired with the State to ensure that Plaintiff is denied due process of law. In addition to the named party, since the filing of this initial complaint, other Non-State parties may be enjoined, for same actions (Exhibit M). The grounds for suit is "conspiring with the State to deny plaintiff access to court[.]"

(Sec. Am. Compl. 2.) The Court previously dismissed this Count because Plaintiff merely "incorporate[d] the entire original [C]omplaint herein, pertaining to the party, Fein, Suchs, Kahn, & Sheppard P.C[,]" which the Court noted "does not comply with the requisite pleading standards." (Jan. 23, 2023 Mem. Order 2; *see* First Am. Compl. 1.) Yet, Plaintiff has repeated the same, again—in his Second Amended Complaint, Plaintiff states "this amended complaint

---

[2] The Court notes that Plaintiff makes no mention of Fein Suchs Kahn Shepard P.C., the other defendant in this matter, in his Second Amended Complaint. It is likely that Plaintiff terms "non-State defendants" to refer to Fein Suchs Kahn Shepard P.C.

3

specifically incorporates the entire prior Complaints; its amendments, and all the exhibits." (Sec. Am. Compl. 1.)

Although Federal Rule of Civil Procedure 15 contemplates amended pleadings, it is well known that "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Brown v. Porrata*, No. 21-3219, 2021 WL 4132297, at *3 (E.D. Pa. Sept. 10, 2021) (quoting *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("Thus, the most recently filed amended complaint becomes the operative pleading.")). Although Rule 10 allows a party to adopt a statement in a pleading for any other pleading or motion by reference, a pleading that includes an incorporation by reference must still comply with Rule 8, which requires a complaint to state a "short and plain statement of the claim showing the pleader is entitled to relief." *Miles v. FOP Lodge #5*, No. 17-438, 2019 WL 13275789, at *1 (E.D. Pa. Jan. 7, 2019) (citation and quotations omitted); Fed. R. Civ. P. 10(c); Fed. R. Civ. P. 8(a)(2). Accordingly, those who incorporate prior pleadings by reference must do so with a degree of specificity and clarity that would enable a responding party to easily determine the nature and extent of the incorporation. *Miles*, 2019 WL 13275789, at *1–2 (citation and quotations omitted) (finding that the plaintiff's all-encompassing incorporation by reference to her original complaint and her amended complaint did not comply with Rule 8). Plaintiff's cursory statement incorporating his previous filings with no specificity or clarity fails to meet this standard.

Further, as stated in the Court's Memorandum Order denying Plaintiff's Motion for Reconsideration, Plaintiff fails again to identify actionable conduct on the part of the "Non-State [D]efendants[.]" (May 31, 2023 Mem. Order 2–3.) In short, Plaintiff still has not provided the Court with any "level of specificity required to comply with the pleading standards." (*See id.* at 3.) While the Court indeed liberally construes *pro se* Plaintiff's Amended Complaint, it is not the

Court's responsibility to guess the alleged conspiracy scheme based on repeated pleadings that do not cite to additionally filed, but still unlabeled, exhibits. *See Brown*, 2021 WL 4132297, at *3 ("While the Court must liberally construe *pro se* pleadings, 'liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings.'") (quoting *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019)); *Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) (finding that the court does not authorize piecemeal pleadings or gradual supplementation of pleadings, even by a *pro se* litigant). The Court, accordingly, dismisses Count 1.

### B.    Count 2

As to Count 2, Plaintiff alleges that:

> [t]he State defendants are continuing the policy to reject any and all of plaintiff's submissions without due process of law. An officer may be named by his title, and his identity may be revealed through discovery. At this point it is difficult to discern who may be the offending person, but, as a matter of law, it is sufficient to name the defendant as the processing clerk officer.

(Sec. Am. Compl. 2.) The Court wrote in its previous Orders that Plaintiff's claim "does not name any specific policy or practice that the State has adopted or enforced that interferes with his access to the state courts" (Jan. 23, 2023 Mem. Order 2) and "does not contain the level of specificity required to comply with the pleading standards" (May 31, 2023 Mem. Order 3 (citing Jan. 23, 2023 Mem. Order 2)). Plaintiff, however, has yet again provided no further details to supplement his claim—the Court is still unaware of any policy or practice followed by the "processing clerk officer" that has harmed Plaintiff. While it is not necessary to plead all facts at the pleading stage, there must be enough to state a claim that is facially plausible without relying exclusively on discovery to fill in the blanks. *See Claude P. Bamberger Int'l, Inc. v. Rohm & Haas Co.*, No. 96-1041, 1998 WL 684263, at *2 (D.N.J. Apr. 1, 1998) ("[D]iscovery is not intended as a fishing

5

expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action." (quoting *Zuk v. E. Pa. Psychiatric Inst. of Med. Coll. of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996))); *see also Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim.") (citations omitted).

Moreover, the Eleventh Amendment bars suit. As noted in the January 23, 2023 Memorandum Opinion, Eleventh Amendment immunity is subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against *individual state officers* for prospective injunctive and declaratory relief to end an ongoing violation of federal law. *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (emphasis added) (citation omitted). None of these exceptions apply here. Again, no congressional abrogation or waiver by the State exists. While it is true that a narrow exception to Eleventh Amendment immunity exists when seeking prospective injunctive relief, it exists only when individual state officers are named in the suit. (*Id.*)

Plaintiff alleges that the State is not immune from the suit because Plaintiff seeks this Court to "direct the processing of his complaints, both [c]ivil and [c]riminal pursuant to the Rules promulgated by the Supreme Court and guarantee [P]laintiff his due process rights without limitation." (Sec. Am. Comp. 4.) Plaintiff appears to be stating that under Count 2, he is seeking injunctive relief from an individual State defendant—namely, the "processing clerk officer"—and thus the State is not immune. (Sec. Am. Compl. 2.) The Third Circuit has found, however, that clerks of the Superior Court are entitled to "absolute quasi-judicial immunity for [their] actions taken in [their] capacity as [a] [c]lerk of the Superior Court." *Nemeth v. Off. of Clerk of Super. Ct.*

6

*of N.J.*, 837 F. App'x 924, 928 (3d Cir. 2020). Here, the processing clerk officer, or any other court officer for that matter, was not acting in a personal capacity in handling Plaintiff's submissions in accordance with the state court's *Rosenblum* order.[3] *See Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 772–73 (3d Cir. 2000) (providing absolute quasi-judicial immunity for court administrative personnel who are charged with carrying out facially valid court orders when a suit challenges such orders). Accordingly, Plaintiff fails to state a claim upon which relief can be granted and the processing clerk officer is immune under the Eleventh Amendment. Count 2 is therefore dismissed.

### C. Count 3

Plaintiff similarly misses the mark for Count 3, which states that:

> [t]he State defendant is guilty personally, of depriving the Plaintiff from securing his Protected, Federal and State Constitutional Rights; to seek recourse, through the State Court. He or she is engaged in procuring self-serving documents captioned as "Order prepared by the Court" and persuading the Administration headed by the Assignment Judge to sign wholly nonjudicial administrative directives; designed to interfere and obstruct the administration of law.

(Sec. Am. Compl. 2.) Plaintiff does not provide any factual basis for what the State is specifically doing to "interfere and obstruct the administration of law," whether it is wrongful, how it harms his federal and state constitutional rights, or what federal and state constitutional rights Plaintiff has been deprived of. Plaintiff, accordingly, fails to state a claim upon which relief can be granted.

Importantly, Count 3 is directed against the State; as stated in the Court's previous Order, the State is immune from suit. (*See* May 31, 2023 Mem. Order.) Count 3 is therefore dismissed.

---

[3] See *infra* Section III.D for information on the state court's *Rosenblum* order.

### D. Count 4

Lastly, Plaintiff alleges under Count 4 that:

> [t]he State defendants are conspiring with the [P]laintiff's adversaries (non-state defendants) to reject his filings citing *Rosenblum*. As explained in prior amended complaints, this reliance is deliberate misrepresentation of the law; and fails to confer jurisdiction. Specifically, the actions of the defendants are unlawful as described in the *Rosenblum* opinion cited. Unfortunately, the Appellate and Supreme divisions of the State Law defendants, continue this rejection policy and "affirm" the lower administration policy to cite *Rosenblum*. (Exhibit O) Accordingly, the self-serving order that permits an Appeal, constitutes an exercise in futility. And the [P]laintiff has no recourse on the State level.

(Sec. Am. Compl. 2–3.) Plaintiff submits orders by the state court in his exhibits, which allegedly indicate that the state court has repeatedly found Plaintiff's complaints to be frivolous and without merit. (*See generally id.*) Plaintiff seemingly uses *Rosenblum* to allege that his due process rights are being violated because the State defendants are unlawfully dismissing his submissions. Plaintiff, however, fails to recognize that the facts of *Rosenblum* are not parallel with this instant matter as Plaintiff has pleaded them.

The court in *Rosenblum* found that a litigant, including a *pro se* litigant, can be prevented from filing a complaint when the plaintiff's prior litigation demonstrates a pattern of frivolous pleadings, as long as the Assignment Judge reviewed the complaint and is satisfied that it has no merit, and traditional sanctions have not provided a deterrent to the plaintiff. *Rosenblum v. Borough of Closter*, 755 A.2d 1184 (N.J. Super. Ct. App. Div. 2000). In *Rosenblum*, a *pro se* litigant was barred by the Superior Court from filing a complaint without prior approval from the appropriate Assignment Judge or Presiding Judge due to the litigant's history of filing numerous frivolous complaints. *Id.* at 1186. When the litigant filed another complaint, the Assignment Judge dismissed the pleading by "merely cit[ing] to plaintiff's prior history of filing frivolous complaints" without referring to the complaint's allegations. *Id.* at 1187. The court found that the

8

Assignment Judge improperly dismissed the *pro se* litigant's complaint because judicial review of the litigant's underlying papers was required to determine whether the complaint was indeed frivolous. *Id.* at 1187–88.

Here, based on the piecemeal exhibits Plaintiff has filed, the Superior Court placed a *Rosenblum* restraint and dismissed Plaintiff's complaints filed thereafter to deter Plaintiff from "continuing [a] pattern of frivolous, vexatious[,] and harassing litigation" and to save judicial resources. (ECF No. 17-3; ECF No. 17-10.) The filed exhibits suggest that the complaints filed by Plaintiff in state court were addressed to the same few parties—Fast Oil Co., *et al.* (*compare* ECF No. 17-3 *with* ECF Nos. 17-4, 17-5 *and* 17-6) or Aryeh Weinstein (ECF No. 17-7)—and were all based upon the same matter regarding property construction and deeds. Plaintiff fails to demonstrate that the state court improperly dismissed his complaints because it is discernable, even from Plaintiff's scattered exhibits and pleadings, that his multiple complaints relate to the same issue. It is plausible then, that the state court dismissed Plaintiff's repetitive complaints to save the court's time and expenses, and not merely to absolutely deny Plaintiff access to all state courts for any and all matters. Plaintiff, again, fails to state a claim upon which relief can be granted.

Finally, Count 4 is directed against the State, which is immune from suit. Count 4 is also dismissed.

Based on the foregoing, and for other good cause shown:

**IT IS**, on this 17th day of October 2023, **ORDERED** as follows:

1. Plaintiff's Second Amended Complaint (Sec. Am. Compl., ECF No. 17) is **DISMISSED WITHOUT PREJUDICE** in its entirety;

2. Plaintiff is granted leave to file a Third Amended Complaint **within thirty (30) days**; and

3. The Clerk shall close this matter.

                                                        /s/ Michael A. Shipp
                                                        MICHAEL A. SHIPP
                                                        UNITED STATES DISTRICT JUDGE